**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION**

**CASE NO:**

JOSHUA GIL,

    Plaintiff(s),

v.

ZEN AUTO CONCEPTS LLC,

    Defendant.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, JOSHUA GIL ("Plaintiff" or "Gil"), pursuant to *29 U.S.C. § 216(b)*, files the following Complaint against Defendant, ZEN AUTO CONCEPTS LLC, ("ZAC" or "Defendant"), on behalf of himself, and alleges as follows:

**INTRODUCTION**

1. Defendant unlawfully deprived Plaintiff of overtime wages during the course of his employment by unlawfully paying Plaintiff straight time for all hour worked in excess of 40 in one or more workweeks. This is an action arising under the Fair Labor Standards Act ("FLSA"), pursuant to *29 U.S.C. §§ 201–216*, to recover all wages owed to Plaintiff during the course of his employment.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of Palm Beach County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, was a Florida Limited Liability Company operating its business at 4109 SE COMMERCE AVE., STUART, FL 34997, and licensed to transact business in Florida within the jurisdiction of this Honorable Court.

4. Defendant was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

5. All acts and omissions giving rise to this dispute took place within Stuart, Florida, within the jurisdiction of this Honorable Court.

6. Defendant regularly transacts business in Martin County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

7. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

8. Defendant is a car detailing shop that provides a wide range of services regarding automotive body, paint, wrapping, and interior repair and maintenance work.

9. Defendant employs at least two or more individuals to provide such automotive body, paint, wrapping and interior repair and maintenance work services to customers within Stuart and the surrounding areas.

## FLSA COVERAGE

10. Defendant is covered under the FLSA through enterprise coverage, as Defendant was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, Defendant's business and Plaintiff's work for affected interstate commerce

because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(A).*

11. During his employment with Defendant, Plaintiff, and multiple other employees, handled and worked with various good and/or materials that have moved through interstate commerce, including, but not limited to the following: buckets, car wash hand mitts, applicators and brushes, foam cannons, LED auto detailing lights, vacuums and blowers, plastic razor blades, drying tools, auto detailing belts, rolling work seats, car wash soaps, auto detailing supplies, cleaning chemicals, etc.

12. Defendant regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant's business an enterprise covered by the FLSA.

13. Defendant has grossed in excess of $500,000.00 in 2020 and 2021, and is expected to gross in excess of $500,000.00 in 2022.

14. During all material times hereto, Plaintiff was a non-exempt employee of Defendant within the meaning of the FLSA.

15. During this time period, Plaintiff (i) did not have supervisory authority over any individuals; (ii) did not make any decisions of importance on behalf of Defendant; and (iii) was not required to possess any advanced training, skill, or prolonged education in order to perform any of her primary duties and responsibilities.

16. Moreover, the economic realities of Plaintiff's work for Defendant rendered Plaintiff an employee and not an independent contractor. Defendant provided Plaintiff equipment

and tools to perform auto detailing work, Defendant provided and required Plaintiff and other similar employees to wear a uniform so that customers could identify them as employees, Defendant controlled and directed the work performed by Plaintiff, Defendant set Plaintiff's work hours and responsibilities, and Plaintiff relied upon Defendant for his employment and work and was not free to actively work elsewhere during the time periods that Defendant scheduled him to work.

## PLAINTIFF'S WORK FOR DEFENDANT

17. On or about January 23, 2021, Defendant hired Plaintiff to work as an auto detailer.

18. After hiring Plaintiff, Defendant paid Plaintiff $15.00 per hour.

19. Later during his employment, Defendant changed Plaintiff's compensation to a salary basis and paid Plaintiff a flat rate weekly salary of $750.00 per week.

20. Soon after, Defendant reverted back to compensating Plaintiff on an hourly basis at the rate of $17.00 per hour.

21. Defendant then increased Plaintiff's compensation to $18.00 per hour.

22. During his employment period, Plaintiff regularly worked in excess of forty (40) hours per week but was not properly compensated in accordance with the FLSA in one or more workweeks.

23. Defendant was expressly aware of the work performed by Plaintiff, and in fact instructed and directed Plaintiff to perform much (if not all) of this work, but nevertheless required Plaintiff to continue working without receiving proper overtime compensation during the relevant period.

24. During one or more workweeks, Defendant failed to pay Plaintiff the applicable overtime wages even if he worked more than forty (40) hours in a work week.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS

25. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 23 as though set forth fully herein.

26. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

27. During all times material hereto, Plaintiff was a non-exempt employee who was eligible for overtime wages when he worked in excess of forty (40) hours per week.

28. During the time period relevant to this lawsuit, during one or more workweek, Plaintiff regularly worked in excess of forty (40) hours per week.

29. However, during one or more workweeks, Defendant failed to properly compensate Plaintiff at a rate of one-half his regular hourly rate for hours worked over forty (40) per week as required under the FLSA.

30. Further, Defendant paid Plaintiff a weekly flat fee salary even when Plaintiff worked over forty (40) hours per week.

31. Plaintiff is entitled to recover statutorily prescribed overtime wages at the applicable half-time overtime wage rate for all hours worked in excess of forty (40) per week.

32. Defendants intentionally and/or willfully violated the FLSA or were reckless and/or indifferent as to their compliance with federal overtime law.

33. Plaintiff is therefore entitled to liquidated (double) damages under federal law.

34. Accordingly, Plaintiff is entitled to recover damages for federal overtime wage violations during her employment period.

35. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in an amount to be proven at trial, including, but not limited to, a sum equivalent to the

unpaid overtime compensation as required by *29 U.S.C. § 216(b)*, plus liquidated damages, and any such further damages as may be shown at the time of trial.

36.     Plaintiff has been required to retain the undersigned law firm to prosecute his claims and is therefore entitled to recover attorney's fees and costs under the FLSA.

WHEREFORE, Plaintiff, JOSHUA GIL respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, ZEN AUTO CONCEPTS LLC, and award Plaintiff: (a) overtime wages; (b) liquidated damages; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, JOSHUA GIL, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 15th day of July 2022.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
DAVID NUDEL, ESQUIRE
Florida Bar No. 1003678
*Jordan@jordanrichardspllc.com*
*David@usaemploymentlawyers.com*

**CERTIFICATE OF SERVICE**

  **I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on July 15, 2022.

                By: */s/ Jordan Richards*
                JORDAN RICHARDS, ESQUIRE
                Florida Bar No. 108372

**SERVICE LIST:**